## GAVARAIN ET AL. *v.* REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 20.—Decided February 18, 1908.

LEGACY—SALE AND ENCUMBRANCE, ETC.—PROHIBITED.—In the will in the case at bar the testator made the following bequest to his minor children: ''That the legatees shall not alienate, barter, encumber or mortgage the property but may only enjoy the usufruct thereof for life, the ownership being preserved for their legitimate descendants, who may dispose of such property only after they become of age.'' *Held:* That such a prohibition by the testator is absolute and refers not only to the ownership, but also to the usufruct, and that the legatees could not assign the same to a third party.

RECORD IN FAVOR OF THE GRANTOR.—In order to record or enter notice of titles whereby the ownership or possession of real property or real rights are transferred or encumbered, it is necessary that the right of the grantor or of the person in whose name the conveyance or encumbrance is made shall have been previously recorded, as otherwise admission to record must be denied.

The facts are stated in the opinion.
*Mr. José Tous Soto* for appellant.
MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney José Tous y Soto, on behalf of Isabel and Mercedes Gavarain, Mateo Mariani and Eduardo Acha, on a decision of the Acting Registrar of Property of Ponce, refusing to record a deed of purchase and sale.

On July 24, 1907, Mateo Mariani and Eduardo Acha obtained authorization from the Judge of the District Court for the Judicial District of Ponce to sell the undivided half interest belonging to their minor children, Carlos Javier Mariani y Gavarain and Eduardo, Matilde, Isabel and Carmelo Eduardo Acha y Gavarain, respectively, in a lot upon which was situated a farmhouse particularly described in the instrument referred to, and which property was acquired by the said minors by inheritance from their grandfather, Carlos Gavarain y Grajales. Isabel and Mercedes Gavarain y Besosa, the mothers of the minors, Mariani and Acha, respectively, having the usufruct for life in equal shares in the said property. The sale of the property was to be made for a price of $3,500 to be invested in the purchase of another piece of real estate which would produce a profit for the minors and the trusteeship established by the deceased Gavarain upon the house and lot referred to in the said authorization to sell to be continued with respect to this property, and the necessary documents for this purpose to be duly executed.

In the exercise of this authority and by public deed executed at Ponce before Notary José Tous Soto, November, 1897, Mateo Mariani y Palmieri, representing his minor children, Carlos Javier Mariani y Gavarain, and Javier Mariani y Palmieri, as the attorney in fact of Eduardo Acha, representing his minor children, Matilde, Isabel, Eduardo and Mercedes, and furthermore as the attorney in fact of Mercedes and Isabel Gavarain y Besosa, the mothers respectively of the said minor children, sold to Pedro Juan Rosaly y Capó the house and lot described in the judicial authorization to which reference has hereinbefore been made, and two other houses situated on the same lot mentioned in the said deed for the sum and price of $4,500 of which the vendors acknow-

ledged to have received $500, the balance of $4,000 remaining
to be paid by the purchaser upon the record of a deed being
made in the registrar of property.   It was further set forth
in the said instrument that the lot and the three houses sold
belong, in undivided half interests, in usufruct for life to the
vendors, Mercedes and Isabel Gavarain y Besosa, they being
bound to reserve the ownership of the said realty for the
benefit of their legitimate children, and the ownership of the
said property belonging to the minors, Eduardo, Matilde, Isa-
bel and Carmelo Acha, as the only children of the said Isabel
and Mercedes Gavarain y Besosa, as the heirs of their grand-
father, Carlos Gavarain y Grajales, as the *cestui que trust,* in
accordance with the provisions of section 772 of the Civil
Code.

This deed having been presented to the Registrar of Prop-
erty of Ponce for record, he refused to record the same for
the reasons set forth in his decision entered at the end of the
document, a literal copy of which reads as follows:

''The admission of the foregoing document to record is denied
because it appears from the registry that Isabel and Mercedes acquired
the property in partial payment of the third interest devised by their
father, Carlos Gavarain, free from the restrictions and under the fol-
lowing conditions: 'None of my said children may alienate, barter,
encumber or mortgage the property but may only enjoy the usufruct
thereof during their lives, and preserve the ownership for the benefit
of their legitimate descendants who are likewise prohibited from dis-
posing of the property until they shall have reached their majority.
If any one or more of my four children should die without legitimate
descendants, their share of this devise shall pass to the surviving
children and this prohibition which is absolute affects the whole prop-
erty, the usufruct as well as the bare ownership; because it is evident
that the intention of the testator was not only to preserve the property
devised for the benefit of the legitimate descendants of the devisees
but that the latter should enjoy the usufruct thereof during their lives
and in this case that provision of the will has been violated by the
consummation of the sale under this instrument, and because the
bare ownership of the property is not recorded in favor of the minor

vendors nor can the same be recorded in their favors during the life of the devisees, inasmuch as the reservation is made for the benefit of all the legitimate descendants which they may have. And a cautionary notice effective for four months is entered at fol. 245, over, of book 122 of this *Ayutamiento,* property No. 788, duplicate, entry letter G.—Ponce, November 30, 1907.''

From this decision Attorney José Tous Soto took this appeal to the Supreme Court in due time, praying for the reversal of the said decision, and an order to the registrar directing him to record the deed.

Inasmuch as Isabel and Mercedes Gavarain y Besosa acquired the real property involved herein, in part payment of a bequest to them in the will of their deceased father, Carlos Gavarain y Grajales under the consideration that ''they shall not alienate, barter, encumber or mortgage the property, but may only enjoy the usufruct thereof during their life, reserving the ownership of the same for the benefit of their legitimate descendents, who are likewise prohibited from disposing of the said property under any circumstances, except after they shall have attained their majority''; as is seen from the decision of the Registrar of Property of Ponce, that condition is a prohibition imposed upon the devisees preventing them from alienating either the usufruct or the ownership of the property devised and that provision would be violated by the sale under this deed wherever it appears that it contains the fundamental defect which renders it null and void and prevents its admission to record in the registry as has been held by this Supreme Court in its decision of June 29 last, in an appeal taken by Attorney Emilio García Cuervo on behalf of Rafael Torruella y Cortada from the decision of the Registrar of Property of Ponce, refusing to record a deed of sale or assignment of the right of usufruct granted by Carlos Gavarain y Besosa in a case entirely analogous to the present case, and in which this Supreme Court affirmed

the decision of the registrar of property upon the grounds therein set forth.

With respect to the bare ownership of the property sold under this deed, which is said to belong to the minor children of Isabel and Mercedes Gavarain, inasmuch as their alleged rights do not appear on record in the registry of property, the deed in which their parents convey their rights thereof to the purchaser, Pedro Rosaly y Capó, is not recordable, in accordance with the provisions of article 20 of the Mortgage Law, which says that: "To record or enter instruments transferring or encumbering the ownership and possession of real property or property rights, the interest of the person conveying it or in whose name the transfer or encumbrance is made, must be previously recorded;" and that the registrar shall refuse to record said instrument as long as this requisite has not been complied with. The only exceptions to this prohibition are titles executed by persons who have acquired their rights to the property prior to the date on which the Mortgage Law went into effect, provided they show their acquisition by authentic documents and the same right is not recorded in favor of another person, and the present case does not come under this exception.

In view of the reasons above set forth the decision of the Registrar of Property of Ponce entered at the end of the deed involved in this appeal refusing to record the same is affirmed and it is hereby ordered that the said deed be returned to the registrar of property together with a certified copy of this decision for his information and other proper purposes in accordance with law.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.